**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Manuel CARDENAS, Defendant—
Appellant.**

**No. 04–50217.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 2005.[*]

Decided Dec. 1, 2005.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Damian J. Martinez, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Wayne R. Young, Esq., Santa Monica, CA, for Defendant–Appellant.

Before BRIGHT,\*\* B. FLETCHER, and SILVERMAN, Circuit Judges.

#### MEMORANDUM \*\*\*

Manuel Cardenas appeals his conviction for one count of possession of pseudoephedrine, a listed chemical under the Controlled Substances Act. Cardenas argues that the district court lacked subject-matter jurisdiction to hear this case because a conviction for intrastate possession of a listed chemical is beyond the reach of Congress' Commerce Clause power. He argues, further, that the district court erred under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when it imposed a 210–month sentence. We reject Cardenas' Commerce Clause challenge but remand for resentencing under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

Because the parties are familiar with the facts, we do not recite them in detail. Cardenas was found guilty of a single count of illegal possession of pseudoephedrine, a listed chemical under 21 U.S.C. § 841(c)(2). On May 3, the district court sentenced Cardenas to 210 months of imprisonment, a three-year term of supervised release, and a special assessment fee of $100. Cardenas filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

■ Cardenas' constitutional challenge raises a question of the district court's subject-matter jurisdiction, which is reviewed de novo. *United States v. Tisor*, 96 F.3d 370, 373 (9th Cir.1996). Cardenas' Sixth Amendment challenge, not raised before the district court, is reviewed for plain error. *Ameline*, 409 F.3d at 1078.

■ This case is controlled by the Supreme Court's decision in *Gonzales v. Raich*, —— U.S. ——, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). *Raich* reiterated Congress' broad Commerce Clause power to outlaw interstate trafficking of illegal substances under the Controlled Substances Act ("CSA"), including the intrastate cultivation of marijuana plants for medicinal purposes. The *Raich* Court rejected the argument, also raised by Cardenas, that *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), dictate otherwise. So do we. Pseudoephedrine, a key ingredient in the manufacture of methamphetamine, is plainly an "essential part of the larger regulatory scheme" of the CSA, *see Raich*, 125 S.Ct. at 2211—if not more so—than the cultivation of intrastate medical marijuana.

Cardenas' proposed distinction between listed chemicals and controlled substances does not bear scrutiny given Congress' intent under the CSA to reach the "*manufacture*, local distribution, and possession" of controlled substances. 21 U.S.C. § 801(3) (emphasis added). *See also id.* at

---

\*\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 801(2) ("The illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people.").

 The District Court considered the Sentencing Guidelines mandatory during sentencing. However, "where the district court did not treat the sentencing guidelines as advisory but the defendant's sentence was not enhanced by extra-verdict findings," a nonconstitutional sentencing error has occurred. *Ameline*, 409 F.3d at 1084 n. 8. We remand so that the district court may, if necessary, resentence Cardenas in a manner consistent with *Booker* and *Ameline*.

AFFIRMED in part and REMANDED for resentencing.